PER CURIAM.
Upon consideration of the Petition of the Board of Governors of The Florida Bar on file with the Clerk dated September 29, 1971, it is ordered:
Until June 30, 1973, a member of a Bar on active duty as a Judge Advocate of the United States Navy may act as attorney for and render legal assistance to certain enlisted personnel of the military services of the United States Armed Forces who might not otherwise be able to afford proper legal assistance subject to the Rule Governing the Pilot Legal Assistance Program for Military Personnel appended to and made a part of this Order.
This rule shall become effective immediately upon filing of this order.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
APPENDIX
RULE GOVERNING THE PILOT LEGAL ASSISTANCE PROGRAM FOR MILITARY PERSONNEL
I. PURPOSE.
A. WHEREAS, the Secretary of Defense of the United States has requested that Pilot Programs be established within the Department of Defense to ascertain the feasibility and desirability of expanding Legal Assistance Programs for military personnel and their dependents; and,
B. WHEREAS, the Judge Advocate General of the Navy has designated the aforesaid Pilot Program to be established at the Navy Law Center, Pensacola, Florida, using military lawyers to implement the Program; and,
C. WHEREAS, the purpose of the aforesaid Program is not, in any way, intended to deprive civilian attorneys of sources of income, but is only intended to provide justifiable legal services for military personnel who are unable to obtain those services through payment of any attorney’s fees, either set or contingent; and,
D. WHEREAS, the sole intent of the Program is to insure protection of the legal rights of personnel in the military service of the United States of America ;
E. NOW, THEREFORE, it is understood and agreed that a Pilot Military Legal Assistance Program will be instituted in the Pensacola area, will function, and will be administered in accordance with the following provisions.
*132 II. ELIGIBILITY.
A. Only military personnel on active duty who meet the following eligibility standards may receive legal services pursuant to this Rule.
B. The Basic Eligibility Standard for military personnel receiving legal assistance under this rule will be:
Is the applicant for legal service reasonably able to pay either set or contingent attorney’s fees ? If so, that applicant is not eligible for those services under this Legal Assistance Program.
C. Net Income Test:
1. Applicants whose net income shows a surplus in excess of Twenty-five Dollars ($25.00) per month, computed by deduction of all expenses from gross income, will be considered as providing an affirmative answer to the Basic Eligibility Standard set forth in subparagraph B., above, and will not be eligible for legal services under this Rule.
2. Applicants whose net income may be adjusted through counselling, reasonable budgeting methods, and purchase of basic needs only, to show a surplus in excess of Twenty-five Dollars ($25.00) per month, computed by deduction of all expenses from gross income, will be considered as providing an affirmative answer to the Basic Eligibility Standard set forth in sub-paragraph B., above, and will not be eligible for legal services under the aforesaid Program.
3. Married applicants in pay grades E-4 and below and single applicants in pay grades E-3 and below whose net income does not show and may not be adjusted to show a surplus in excess of Twenty-five Dollars ($25.00) per month, as set forth in subparagraphs C.l. and C.2., above, will be considered to provide a negative answer to the Basic Eligibility Standard set forth in subparagraph B., above, and will be eligible for legal services under this Rule.
D. Special Cases:
It is recognized that some individual circumstances may exist in a minimal number of cases which will cause strict adherence to the Net Income Test set forth in subparagraph C. above to create a substantial injustice. In that event, the below procedures will be followed in determining eligibility for legal services under this Rule:
1. Special cases will be determined to exist by the Director, Navy Law Center, Pensacola, after thorough consideration of the case file.
2. The Director will then present his opinion and the case file to the Director of The Florida Bar, who will refer the matter to a designated member of The Florida Bar, normally the Chairman of the Military Law Committee.
3. The designated member of The Florida Bar will make final determination as to whether the applicant may be considered a Special Case.
4. Thereafter, if a Special Case is determined to exist, the applicant will be eligible for legal services under this Rule.
E. Military personnel will not be eligible for legal services under this Rule if they possess the means to pay attorney’s fees from personal sources outside of salaries paid by the Military Services in consonance with the standards set forth above.
F. A selected representative of The Society of the Bar of the First Judicial *133 Circuit will have authority to pass on and veto the eligibility of applicants for the Program and no Navy lawyer may appear in court without first showing written evidence of approval of an applicant’s eligibility by a representative of The Society of the Bar of the First Judicial Circuit.
III. TYPE CASES.
A. Military personnel who are determined to be eligible to receive legal services may receive those services pursuant to this Rule in the following classification of cases; no fee-generating cases will be considered to fall within the scope of this Rule, and legal services will not be provided in fee-generating cases under this Rule:
1. All cases and actions of a civil nature ;
2. Minor traffic and misdemeanor actions.
B. “Fee-generating cases” under this Rule are taken to mean those cases wherein the applicant by recovery, settlement, or award of monetary compensation through litigation, negotiation or demand will be capable of paying attorney’s fees from a portion of that recovery or award, or where attorney’s fees will be paid by court order or statute, provided:
1. Twenty-five per cent (25%) of any such expected recovery or award will exceed Fifty Dollars ($50.00); and
2. The applicant can obtain the services of a private attorney in such case. The applicant will be considered to be unable to obtain the services of a private attorney if if after consultation with any three such attorneys, none will agree to act for the applicant in the matter in question.
IV. LEGAL ASSISTANCE OFFICERS.
Clients receiving legal services pursuant to this Rule will receive full representation including, but not limited to, writing of letters, negotiations, preparation of documents and pleadings, and representation in litigation. Such full representation will be accomplished as' follows:
A. All representation, except appearances as attorney of record in Florida Courts, will be accomplished by a military attorney attached to the Navy Law Center, Pensacola, and designated by the Director as the Florida Legal Assistance Officer. All papers and documents signed in the noted capacity by the Florida Legal Assistance Officer will be signed as shown in the following example:
John Doe
Lieutenant, JAGC, USN
Florida Legal Assistance Officer
Navy Law Center
Naval Air Station
Pensacola, Florida.
B. Where appearance as attorney of record in Florida Courts is necessary, the applicant will be represented as follows :
1. If the Florida Legal Assistance Officer is a member of The Florida Bar, he will act as attorney of record.
2. If the Florida Legal Assistance Officer is not a member of The Florida Bar, he will act as assistant counsel in association with a member of The Florida Bar, who will appear as attorney of record. The Florida Legal Assistance Officer will provide assistance as necessary under the supervision of that member of The Florida Bar. Such assistance may include drawing of pleadings, motions and answers, drafting of briefs, inter *134 viewing witnesses, and presenting and arguing cases. This procedure is intended to work a minimum imposition on the time of the attorney of record.
3. Where court appearance of a member of The Florida Bar who is not a military attorney is required as attorney of record, that member will provide his services without cost or fee.
4. Assignment of cases to civilian members of The Florida Bar will be accomplished through the Legal Reference Service or similar service of The Society of The Bar of the First Judicial Circuit or the Escambia-Santa Rosa Bar Associations.
C. Military attorneys under this Rule shall be members of the Bar of a Federal Court or of the highest court of a State.
V. ADDITIONAL PROVISIONS.
A. The provisions of this Rule are subject to the following guidelines in administration and operation of the aforesaid Program:
1. This Rule is, in no way, .intended to modify or curtail current services, regulations, and requirements concerning legal assistance presently being rendered to eligible military personnel and their dependents except as that assistance may be increased by this Rule.
2. The Chairman of the Military Law Committee or his designee, as the representative of The Florida Bar, may examine the aforesaid Program applicant case files to determine appropriateness of eligibility determinations, provided the attorney-client privilege is not thereby abrogated or infringed.
3. It is recognized that the Program set forth herein is a Pilot Program which will be continued in effect until June 30, 1973, or until one of the following events occurs:
(a) This Rule may be cancelled by the Board of Governors of The Florida Bar following the lapse of thirty (30) days after written notice is received by the Director, Navy Law Center, Pensacola, from the Board of Governors to that effect.
(1) Any disagreement with the methods of administration or operation of the aforesaid Program as set forth herein by the Board of Governors may be resolved through consultation and discussion with and concurrence by the Board of Governors and the Director, Navy Law Center, Pensacola.
(b) Upon completion of the trial period set forth herein this Rule may be modified, continued, revised, or amended as appropriate upon application by the Board of Governors. Such action shall be initiated in timely fashion to avoid any hiatus in the Program.
4. The Military Law Committee of of The Florida Bar will have primary cognizance over and supervision of the Program set forth herein.
B. The Director, Navy Law Center, Pensacola, will provide the Military Law Committee of The Florida Bar with a copy of each report made of the operation of the Program as such report is filed with superior officers or agencies.